IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LaJUNE Y. GRAY,<br><br>        Plaintiff,<br><br>v.<br><br>FOOD LION, LLC,<br><br>        Defendant. | Civil Action No.: 1:04-CV-00673 |

## CONSENT PROTECTIVE ORDER

Plaintiff in this action has requested that documents be produced by Defendant Food Lion, LLC ("Food Lion") pursuant to Rule 34 of the Federal Rules of Civil Procedure. While Defendant generally has agreed to produce documents Plaintiff has requested, Defendant has raised claims of confidentiality as to certain types of records. Such claims have been raised concerning records that contain personal or confidential employment information and/or other confidential information that may or may not be relevant to the issues raised in this action, including information of third parties. Plaintiff and her counsel have indicated a willingness to respect these claims for confidentiality.

Because of the parties' desire to resolve this matter amicably between themselves, it is hereby stipulated and ordered that:

1.    The following records produced by Defendant shall be considered "confidential" for purposes of this Order:

    a.    Personnel records, payroll information, and related information maintained by Food Lion for anyone other than Plaintiff.

b. Any other records that may hereafter be produced that are identified by Defendant's attorneys as confidential at the time the records are produced to Plaintiff's attorneys or thereafter.

2. Upon reviewing records deemed "confidential" by this Order, Plaintiff and her attorneys shall not disclose in any manner whatsoever the documents, copies thereof, or the contents of such documents to any person not acting and participating as an attorney of record in this action, subject only to the exceptions outlined below.

3. The following exceptions to the restrictions in Paragraph 2 shall be recognized:

a. Plaintiff's attorneys may disclose confidential documents to their internal personnel working on this lawsuit. Plaintiff's attorneys shall inform their staff of this Order and advise said staff that they are bound by this Order.

b. Plaintiff and her attorneys may disclose confidential documents where disclosure is consented to in writing by Defendant's attorneys, but disclosure under this subparagraph shall occur only to the extent of such consent. Any such consent shall not result in any waiver of Defendant's claim of confidentiality with respect to the document(s) so disclosed.

c. Confidential information identified in accordance with Paragraph 1 may be used by Plaintiff and her attorneys in preparation for trial of this case and during the trial as needed to prepare a witness who will testify. Specifically, in preparation for trial of this case and during the trial, Plaintiff and her attorneys may disclose documents identified as confidential to independent experts or consultants and their clerical personnel whose advice and consultation are being or will be used in connection with preparation for trial of this action and/or any motions or appeal connected with this action, provided that such persons have agreed in writing, before such access is given, to be bound by the terms of this Protective Order. <u>Such agreement must be</u>

2

<u>indicated by the printed name and signature of each such person in the margin by this subparagraph. Plaintiff's counsel shall maintain a copy of this Order bearing all such signatures and also shall maintain any other written agreement pursuant to this subparagraph.</u>

   d. Plaintiff and her attorneys may disclose confidential documents to the Court and its officers in a manner designed to preserve the confidentiality of such documents. Specifically, confidential documents may be used by Plaintiff and her attorneys in support of or in opposition to any motions in this action, subject to the Federal Rules of Evidence, but may not be used for any other purpose; provided, however, that those portions of such testimony, evidence, and motions papers containing confidential information shall also be considered confidential, and shall be filed in a manner to preserve such confidentiality.

   e. Use or disclosure of confidential information in accordance with Paragraph 3 shall not serve to waive confidentiality and/or the terms of this Protective Order, nor shall it waive any objection of Defendant with respect to the admissibility, relevance, or other grounds for objection as to the document(s).

  4. When a dispute arises as to the applicability of this Order to any document(s) produced by Defendant, such dispute shall be resolved, if possible, by agreement of the parties to this action. If, after a reasonable time, the parties cannot reach agreement to resolve such a dispute, the Court, on motion under either Rule 37(a) or Rule 26(c) of the Federal Rules of Civil Procedure by the party seeking to change the designation, will consider the dispute and rule accordingly. Disclosure shall not occur when a dispute arises, however, until the Court has ruled upon any challenge to the confidentiality of the document(s) in question.

3

Case 1:04-cv-00673-JAB  Document 12  Filed 05/06/05  Page 3 of 4

<u>indicated by the printed name and signature of each such person in the margin by this subparagraph. Plaintiff's counsel shall maintain a copy of this Order bearing all such signatures and also shall maintain any other written agreement pursuant to this subparagraph.</u>

   d. Plaintiff and her attorneys may disclose confidential documents to the Court and its officers in a manner designed to preserve the confidentiality of such documents. Specifically, confidential documents may be used by Plaintiff and her attorneys in support of or in opposition to any motions in this action, subject to the Federal Rules of Evidence, but may not be used for any other purpose; provided, however, that those portions of such testimony, evidence, and motions papers containing confidential information shall also be considered confidential, and shall be filed in a manner to preserve such confidentiality.

   e. Use or disclosure of confidential information in accordance with Paragraph 3 shall not serve to waive confidentiality and/or the terms of this Protective Order, nor shall it waive any objection of Defendant with respect to the admissibility, relevance, or other grounds for objection as to the document(s).

  4. When a dispute arises as to the applicability of this Order to any document(s) produced by Defendant, such dispute shall be resolved, if possible, by agreement of the parties to this action. If, after a reasonable time, the parties cannot reach agreement to resolve such a dispute, the Court, on motion under either Rule 37(a) or Rule 26(c) of the Federal Rules of Civil Procedure by the party seeking to change the designation, will consider the dispute and rule accordingly. Disclosure shall not occur when a dispute arises, however, until the Court has ruled upon any challenge to the confidentiality of the document(s) in question.

5. This Order shall survive the termination of this action, to the extent that the information contained in the "confidential" documents is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of the information disclosed hereunder. Upon termination of this case, Plaintiff's counsel shall assemble and return to Defendant's counsel all documents provided by Defendant designated as "confidential" and all copies of same, or shall certify the destruction thereof.

6. This Agreement is binding as a contract and stipulation between the parties even without Court entry as an order.

SO STIPULATED.

Dated: May 2, 2005

Respectfully submitted:

POYNER & SPRUILL LLP.

By: _____
Parmele Price Calame

Attorney for Defendant
FOOD LION, LLC

Dated: April 26, 2005

BROWNE, FLEBOTTE, WILSON, HORN & WEBB, P.L.L.C.

By: _____
Charles Ali Everage

Attorney for Plaintiff
LAJUNE GRAY

APPROVED AND SO ORDERED.

Dated: May 6, 2005

_____
Judge of the District Court for the
Middle District of North Carolina

4